UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN WRIGHT,

        Plaintiff,

                              Case No. 13-CV-14690

v.

                              HON. MARK A. GOLDSMITH

CAM HILTZ TRUCKING, et al.,

        Defendants.
_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO COMPEL (Dkt. 38)**

**I. INTRODUCTION**

This matter is presently before the Court on Plaintiff's motion to compel production of Defendant Hayward's statement to his insurer (Dkt. 38). For the reasons stated below, the Court denies the motion.

**II. BACKGROUND**

Plaintiff Carolyn Wright filed suit against Defendants Paul Hayward and Cam Hiltz Trucking in Wayne County Circuit Court, which Defendants then removed to this Court based on diversity of citizenship. See Compl., Ex. A to Removal Notice (Dkt. 1). Plaintiff alleges that Hayward was operating a freightliner semi-tractor-trailer and struck Plaintiff's car while attempting to change lanes on Interstate 94. Id. ¶¶ 5, 8. According to Plaintiff, this contact caused her vehicle to "spin out," resulting in a spinal injury to Plaintiff. Id. ¶¶ 8, 12. Plaintiff further alleges that Cam Hiltz Trucking, the owner of the tractor-trailer operated by Hayward in the course and scope of his employment, is liable for Hayward's actions based on respondeat superior, negligent entrustment, and various statutory doctrines. Id. ¶¶ 6, 19-22, 28-35.

Less than two months after this December 27, 2012 accident, Plaintiff's counsel wrote a letter to Cam Hiltz, stating that he represented Plaintiff in connection with "personal injuries resulting from a collision which occurred on December 2[7], 2012." 2/11/2013 Preservation Letter, Ex. C to Defs. Resp. at 2 (cm/ecf page) (Dkt. 39-4). The nine-page letter demanded that Cam Hiltz preserve certain evidence related to the accident, delineated in 54 categories of information and/or documents. Id. On February 27, 2013, Northbridge Insurance, Cam Hiltz's insurance company, responded to Plaintiff's counsel by acknowledging receipt of the preservation letter, and stating that its "investigation into this matter has commenced." 2/27/2013 Insurer Letter, Ex. D. to Defs. Resp. at 2 (cm/ecf page) (Dkt. 39-5). Ten days later, on March 8, 2013, an insurer representative met with Hayward, at which time he gave a statement. Pl. Mot. at 1; Defs. Resp. at 2, 4 (Dkt. 39). This action was then filed on October 2, 2013.

At an earlier stage in this litigation, the parties had a number of discovery disputes, including whether Hayward's statement should be produced. Plaintiff filed a motion to compel (Dkt. 26), which the Court denied in part. As is pertinent to the instant motion, the Court concluded that the Hayward statement was privileged pursuant to Federal Rule of Civil Procedure 26(b)(3)(A). See 8/21/2014 Order at 2 (Dkt. 31).

Since the Court's August 21, 2014 order, Hayward has been deposed (Dkt. 38-1), and Cam Hiltz has produced its employee manual (Dkt. 38-4). During his deposition, Hayward was asked whether he had "any reason to think or believe that there would be any litigation or lawsuit" between the time of the accident and his statement to the insurer, to which he replied, "No, sir." Hayward Dep. at 92. When asked whether he "anticipated any litigation or lawsuit," Hayward stated, "No." Id. at 92-93. Hayward further testified that, in connection with another accident, he had completed an incident report for Cam Hiltz out of a concern for possible

2

litigation; but he did not fill out a report after this accident because he did not anticipate any litigation. Id. at 128-129.

Cam Hiltz's employee manual states that Cam Hiltz's insurance company "must be notified of . . . [a]ll accidents involving a third party." Employee Manual, Ex. 4 to Pl. Mot. at 14 (Dkt. 38-4). The manual further states that "once [the employee] report[s] the accident, [Cam Hiltz] will contact the insurance company." Id.

Based on the foregoing information learned in discovery, Plaintiff has filed the instant motion to compel Hayward's statement to his insurer (Dkt. 38).

### III. ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." However, under the work-product doctrine, "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . including the other party's . . . insurer" are ordinarily not discoverable. Fed. R. Civ. P. 26(b)(3)(A); Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 381 (6th Cir. 2009). In determining whether a document was prepared in anticipation of litigation, a court asks: "(1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable." Biegas, 573 F.3d at 381 (quoting United States v. Roxworthy, 457 F.3d 590, 594 (6th Cir. 2006)) (internal quotation marks omitted). If a document is prepared in anticipation of litigation, the fact that it also serves an ordinary business purpose does not deprive the document of work-product protection, Roxworthy, 457 F.3d at 598–99, but the burden is on the party claiming

3

protection to show that anticipated litigation was the "driving force behind the preparation of each requested document." Id. at 595.

### 1. The Law-of-the-Case Doctrine

At the outset, Defendants argue that, in light of the Court's prior order ruling that the statement was not discoverable, the law-of-the-case doctrine bars Plaintiff from re-litigating the same issue. Defs. Resp. at 5. Defendants contend that Plaintiff had the option to seek reconsideration under Local Rule 7.1(h), but chose not to do so. Id.

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Scott v. Churchill, 377 F.3d 565, 569-570 (6th Cir. 2004) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)) (internal quotation marks omitted). Importantly, however, the doctrine does not absolutely bar a district court from reconsidering pretrial rulings. Peralta v. Dillard, 744 F.3d 1076, 1088 (9th Cir. 2014); Gillig v. Advanced Cardiovascular Sys., Inc., 67 F.3d 586, 589 (6th Cir. 1995) ("At the trial court level, the doctrine of the law of the case is little more than a management practice to permit logical progression toward judgment. Prejudgment orders remain interlocutory and can be reconsidered at any time."). The doctrine does not remove a district court's jurisdiction to reconsider, or otherwise preclude a district court from reconsidering, an issue previously decided in the case. Gillig, 67 F.3d at 590. It is a doctrine addressed to the Court's discretion — not a limitation on its power to decide an issue. Arizona, 460 U.S. at 618 ("Law of the case directs a court's discretion, it does not limit the tribunal's power.").

Rouse v. DaimlerChrysler Corporation, 300 F.3d 711, 715 (6th Cir. 2002), cited by Defendants, does not counsel otherwise; in fact, it undermines Defendants' position. In Rouse, the Sixth Circuit reversed the district court for applying an overly wooden approach to the law-

of-the-case doctrine. The district court had refused to consider, based on law-of-the-case, whether ERISA invalidated a domestic relations order, reasoning that an earlier assigned judge had upheld the validity of the order on a different theory. The Sixth Circuit held that it was an abuse of discretion to refuse to address the merits of a new argument based on law-of-the-case. Id. at 714.

That is the same error that Defendants urge this Court to commit. Plaintiff has pointed to new evidence in the record, developed through discovery, which was not available when the Court ruled on the earlier motion to compel. Nothing in the law-of-the-case doctrine absolutely forbids a court from considering such newly discovered evidence, or counsels that it should disregard such evidence. Adopting Defendants' view would convert a useful tool for litigation management into a judicial straitjacket that would prevent a court from deciding an issue on the merits.

Therefore, the Court finds that law-of-the-case does not bar it from reconsidering whether Hayward's statement to the insurer is discoverable.

**2. Defendant Hayward's Subjective Anticipation of Litigation**

Plaintiff argues that Hayward did not subjectively anticipate litigation arising from the accident when he made his statement to Cam Hiltz's insurer. Pl. Mot. at 2-3. For support, Plaintiff cites the portion of Hayward's deposition testimony in which he stated that he did not have any reason to think or believe that there would be any litigation, and that he did not anticipate any litigation. Id. at 3. Plaintiff further argues that the insurer did not anticipate litigation because Hayward stated in his deposition that the insurance company's investigator told him that "this is probably the last you will ever hear about it." Id.

5

While Hayward may not have had a subjective anticipation of litigation, the Court finds that this is not dispositive of either Cam Hiltz's or its insurer's anticipation of litigation. The preservation letter sent by Plaintiff's counsel was no idle communication. It unequivocally communicated the likelihood of a suit being filed; the specific demand that evidence be preserved was a clear signal that litigation was reasonably likely. O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 587 (6th Cir. 2009) ("[D]uty to preserve evidence is triggered when a party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation[.]" (quotation marks and ellipsis omitted)); Sampson v. City of Cambridge, Md., 251 F.R.D. 172, 179, (D. Md. 2008) (holding that "although litigation had not yet begun, defendant reasonably should have known that the evidence described in the [preservation] letter 'may be relevant to anticipated litigation'" (quoting Silvestri v. Gen. Motors Corp., 271 F.3d 583, 591 (4th Cir. 2001))). In fact, it is hard to fathom why an attorney would demand that documents be preserved if there were not an intention to lodge a claim or file a lawsuit. Therefore, the preservation letter triggered an objectively reasonable expectation of litigation for both Cam Hiltz and its insurer.

Further, the insurer's expectation of litigation is evidenced by its own letter, in which it acknowledged receipt of the preservation letter and initiation of an investigation into the accident. Given the temporal nexus between the preservation letter, the acknowledgment of the preservation letter, and the taking of Hayward's statement, the anticipation of litigation appears to have been the driving force behind the taking of the statement. Therefore, the Court finds that Cam Hiltz and its insurer both reasonably anticipated litigation.[1]

---

[1] Defendants argue that the insurer representative's comment to Hayward after he gave his statement — that Hayward would probably not hear anything further about the case — does not prove that litigation was not anticipated by the insurer prior to the giving of the statement. It

### 3. Cam Hiltz's Insurer-Notification Policy

Plaintiff argues that Hayward's statements to the insurer were made with an ordinary business purpose. Pl. Mot. at 5. In support, Plaintiff contends that Cam Hiltz's employee manual establishes that it is the regular business practice of Cam Hiltz to have its employees report accidents to the company's insurer. Id. However, reporting an accident is not the equivalent of a full-dress witness statement solicited by the insurer. Routine reporting of accidents to insurers — which the employee manual mandates — is simply a sound business practice, even if litigation is not anticipated, because the insured and the insurer never know with certainty whether a claim will be made. For that reason, courts have held that such routine "investigative reports sent by an insured to an insurance company are generally considered to have been created in the ordinary course of business rather than in anticipation of imminent litigation," Calabro v. Stone, 225 F.R.D. 96, 99-100 (E.D.N.Y. 2004). But, as Calabro makes clear, where there are "benchmarks in the progression" towards litigation, id. at 100 — of which there were none in that case — a subsequent document prepared by or for an insurer will be protected.

Here, such "benchmarks" are vivid. Plaintiff's letter demanding preservation of documentation clearly signaled litigation, making the insurer's decision to take Hayward's statement unquestionably in anticipation of litigation. A routine obligation to report all accidents does not strip a statement prepared in anticipation of litigation of its privileged character.

### IV. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's motion to compel the production of Defendant Hayward's statements to his insurer (Dkt. 38).

---

simply reflects the representative's thinking after hearing Hayward's version of events. It says nothing about the representative's state of mind before Hayward gave his statement.

SO ORDERED.

Dated: November 25, 2014  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2014.

s/Johnetta M. Curry-Williams
JOHNETTA M. CURRY-WILLIAMS
CASE MANAGER